NOT FOR PUBLICATION

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

JUAN CARLOS GARCIA, Juan Carlos
Carrillo-Tecun,

Petitioner,

v.

LORETTA E. LYNCH, Attorney General,

Respondent.

No.   15-73170

Agency No. A078-739-040

MEMORANDUM[*]

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted November 8, 2016[**]
Portland, Oregon

Before:  McKEOWN, W. FLETCHER and FISHER, Circuit Judges.

Juan Carlos Garcia petitions for review of the Board of Immigration

Appeals' (BIA) dismissal of his appeal of an Immigration Judge's (IJ) decision

finding him ineligible for asylum, withholding of removal and withholding under

the Convention Against Torture (CAT).  We have jurisdiction under 8 U.S.C.

---

[*]This disposition is not appropriate for publication and is not precedent
except as provided by Ninth Circuit Rule 36-3.

[**]The panel unanimously concludes this case is suitable for decision without
oral argument.  See Fed. R. App. P. 34(a)(2).

§ 1252(a)(2)(D) to review constitutional claims and questions of law, and we deny the petition.

1. Garcia's conviction for delivery of methamphetamine under Oregon Revised Statutes (ORS) § 475.992 constitutes an aggravated felony, making him ineligible for asylum. *See* 8 U.S.C. § 1158(b)(2)(A)(ii), (B)(i). An aggravated felony includes a felony controlled substance offense under the federal Controlled Substances Act (CSA). *See id.* § 1101(a)(43)(B); 18 U.S.C. § 924(c)(2). Although ORS § 475.992 defines certain crimes that would not be considered felonies under the CSA – such as simple possession – the statute is divisible as between possession and delivery of methamphetamine because it provides different punishments for each. *See Mathis v. United States*, 136 S. Ct. 2243, 2256 (2016). Delivery of methamphetamine is a felony under the CSA, and Garcia does not argue Oregon defines delivery more broadly than its federal counterpart. *Compare* ORS § 475.992(1)(b), *with* 21 U.S.C. § 841(a)(1), (b)(1)(C). Under the modified categorical approach, therefore, Garcia's conviction for delivery of methamphetamine under Oregon law qualifies as an aggravated felony.

2. The BIA and the IJ, moreover, did not abuse their discretion in concluding Garcia was convicted of a particularly serious crime, making him ineligible for statutory withholding and withholding under the CAT. *See Arbid v.*

2

*Holder*, 700 F.3d 379, 385 (9th Cir. 2012). Garcia's aggravated felony conviction for delivery of methamphetamine presumptively constitutes a particularly serious crime. *See In re Y-L-*, 23 I. & N. Dec. 270, 274 (A.G. 2002). Only in a "very rare case" under "extraordinary and compelling circumstances," can this presumption be rebutted. *Id.* at 276-77. The IJ and the BIA applied the correct legal standard and sufficiently explained why no extraordinary and compelling circumstances rebut the presumption here. *See Avendano-Hernandez v. Lynch*, 800 F.3d 1072, 1077 (9th Cir. 2015); *Delgado v. Holder*, 648 F.3d 1095, 1107 (9th Cir. 2011) (en banc). We do not "reweigh the evidence" to make our own determination whether the crime was particularly serious. *Avendano-Hernandez*, 800 F.3d at 1077. Accordingly, Garcia is ineligible for withholding of removal and withholding under the CAT. *See* 8 U.S.C. § 1231(b)(3)(B)(ii); 8 C.F.R. § 1208.16(d)(2).

**PETITION DENIED.**